FILED
September 27, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002955532

**5**

MICHAEL P. DACQUISTO, ESQ.
State Bar Number 84894
1901 Court Street
Redding, California 96001

Telephone:  (530) 244-6007
Fax:          (530) 244-0907
Email:        mdacquisto@charter.net

Attorney for John Reger, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

In re:                                    NO. 10-22970-C-7

**JERRY SLATES**                          DCN:     MPD-3

_____Debtor_____/            Date:    October 26, 2010
                                          Time:    9:30 a.m.
                                          Place:   Courtroom 35, Dept C
                                                   501 I Street, 6th Floor
                                                   Sacramento, CA 95814

**MOTION FOR AUTHORIZATION (1) TO SELL THE DEBTOR'S INTEREST AND THE**

**INTEREST OF THE DEBTOR'S NON FILING EX SPOUSE SHARON SLATES IN REAL**

**PROPERTY DESCRIBED AS APPROXIMATELY 40 ACRES OF VACANT LAND**

**LOCATED AT 4604 LIGHTHILL ROAD, FORT JONES, CA, BEARING SISKIYOU**

**COUNTY APN 024-070-210 FREE AND CLEAR OF LIENS AND (2) TO PAY A REAL**

**ESTATE COMMISSION, COSTS OF SALE AND LIENS OF RECORD**

John Reger (hereafter "Reger"), the chapter 7 trustee in this case, submits the

following for the court's consideration in connection with his motion for authorization (1) to

sell the debtor's interest and the interest of the debtor's non filing ex spouse Sharon Slates

in real property described as approximately 40 acres of vacant land located at 4604 Lighthill

Road, Fort Jones, CA, bearing Siskiyou County APN 024-070-210 (hereafter "Property")

free and clear of liens for $64,000.00 and (2) to pay a real estate commission of $6,400.00

to Coldwell Banker Scott Valley Real Estate who represents both the Buyer and the Seller, costs of sale and liens of record.

**I. STATEMENT OF FACTS**

These proceedings were instituted when the debtor Jerry Slates filed a petition under the United States Bankruptcy Code on February 8, 2010. Reger was appointed the Chapter 7 trustee.

During the course of administering the estate Reger discovered one of the assets of this estate is the debtor's interest in the Property. Reger wishes to sell the Property to generate funds for the estate and requests authorization (1) to go forward and complete this sale and (2) to pay a real estate commission, costs of sale and liens of record.

Reger has accepted an offer from Stanton K. Jones and Martina Jones (hereafter "Buyer") subject to court approval and potential overbid to buy the Property for $64,000.00. Reger understands the proposed Buyer is not related to the debtor in the instant bankruptcy estate. From the sales price deductions of (1) twelve percent or $7,680.00, as an estimate for the commission, closing costs and other miscellaneous fees, (2) approximately $0.00 for deeds of trust recorded against the property, and (3) approximately $2,000.00 for unpaid real estate taxes will be made. This leaves an estimated gross recovery of approximately $54,320.00. From that amount, one half, or approximately $27,160.00, will be paid out to the debtor's former spouse, Sharon Slates, for her one half ownership in the Property. Ms. Slates has consented to this sale and to this division of proceeds. This will leave approximately $27,160.00 for the bankruptcy estate. The preliminary title report has not yet been received or reviewed. If these figures are significantly different a supplement to this motion will be filed.

Reger believes this price is at or near the present maximum obtainable sale price for the real property. Failure to sell the Property at this price and time may result in detriment to the estate, rather than gain. Delay may result in diminution in value of the Property and potentially increased holding costs.

Under the real estate sales contract and order approving employment filed on July 8,

2010 the commission to be paid is ten percent of the sales price or $6,400.00. Reger requests authorization for payment of a real estate commission to Coldwell Banker Scott Valley Real Estate who represents both the Buyer and the Seller. The sales contract also requires payment of certain customary costs of sale and payment of liens of record. Reger requests authorization for payment of those items from the sales proceeds.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. THIS COURT HAS AUTHORITY TO AUTHORIZE THE SALE OF ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS UNDER 11 U.S.C.§363(b)(1).

Title 11 U.S.C. §363(b)(1) provides:

> "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." (11 U.S.C. §363(b)(1))

This court's power to authorize the proposed sale under 11 U.S.C. § 363(b) is to be exercised in its discretion. *In re Lionel Corp.* 722 F.2d 1063, 1069 (2d Cir. 1983); *In re Coastal Cable T.V., Inc.* 24 B.R. 609, 611 (Bankr. 1st Cir. 1982), rev. on other grounds, 709 F.2d 762 (1st Cir. 1983); *In re Baldwin United Corp.* 43 B.R. 888, 905 (Bankr. S.D. (Ohio 1984); *In re Ancor Exploration Co.* 30 B.R. 803, 808 (Bankr. N.D. Okla. 1983).

In Lionel, *supra*, a standard was established against which to measure the court's judicial exercise of its discretionary powers to approve a sale of assets outside the ordinary course of business under 11 U.S.C. §363(b). The *Lionel* court held that for the court to exercise proper discretion, a good business reason must be shown. Further, the court stated the discretionary power was available to further the interests of the debtor, its creditors, and its equity security holders. *Id.* at 1071.

The *Lionel* decision was adopted by the Ninth Circuit Bankruptcy Appellate Panel in *Walter v. Sunwest Bank* (*In re Walter*), 83 B.R. 14 (Bankr. 9th Cir. 1988), which approved language that the trustee must demonstrate a good business reason for selling the property.

In this case Reger has sound business reasons for selling the Property. He will be able to liquidate an asset and create a fund out of which creditors will be paid. The price

being paid for the Property is fair and reasonable. Selling now prevents further delay, possible decrease in property value and potential additional costs associated with continued holding of the Property. Under these circumstances this court's approval of the proposed sale would be a sound exercise of its discretion.

**B. THIS COURT HAS AUTHORITY TO AUTHORIZE THE SALE BE MADE FREE AND CLEAR OF LIENS UNDER 11 U.S.C.§363(f).**

Title 11 U.S.C. §363(f) allows a sale free and clear of liens only if (1) permitted by non bankruptcy law, (2) the lien holders consent to such sale, (3) the proposed purchase price exceeds the total value of the liens against the property, (4) a good faith dispute concerning the validity of the liens exists, or (5) in a judicial proceeding the lien holders are compelled to accept a money satisfaction of their interest.

Here the proposed sale satisfies the third condition because the purchase price exceeds the total value of the liens against the property. The only lien presently known is for unpaid real property taxes of approximately $2,000.00 and those will be paid from escrow. Consequently the sale should be made free and clear of liens.

**C. THIS COURT HAS AUTHORITY TO AUTHORIZE THE SALE OF THE ENTIRE PROPERTY, INCLUDING THE ONE HALF OWNED BY SHARON SLATES, UNDER 11 U.S.C.§363(h).**

Title 11 U.S.C. §363(h) allows a sale of both the estate's interest and the interest of a non filing party in real property upon a showing that four elements have been satisfied. While the normal procedure to accomplish this would be an adversary action against the non filing party and subsequent judgment/finding to establish these four elements, in this case the non filing party, the debtor's ex spouse Sharon Slates, has consented to the proposed sale and the proposed division of sale proceeds.

Ms. Slates is being served with a copy of this motion and all supporting paperwork. Her attorney, Dennis Cowan, is also being served with a copy of these same papers. Mr. Cowan has told Reger that Ms. Slates consents to this sale and to the proposed division of sale proceeds.

1    Under these circumstances Reger requests this court authorize sale of the Property,

2    both the debtor's interest and the interest of his non filing ex spouse, Sharon Slates.

3    **III. CONCLUSION**

4    For all the reasons set forth above Reger respectfully requests this court enter an

5    order authorizing him to sell the Property under the terms and conditions set forth above

6    and in the real estate sales contract, that the court authorize him to sign all documents

7    necessary or convenient to complete the sale, that the court authorize and approve payment

8    of the real estate commission, costs of sale and liens of record, that the court authorize

9    distribution of the sales proceeds as set forth above, including the payment to Ms. Slates,

10   the non filing co owner, that no further motion or order of the court be required with regard to

11   completing the sale, and for any further relief the court deems appropriate.

12   Date:  September 27, 2010

                                              /s/ Michael P. Dacquisto
13                                            MICHAEL P. DACQUISTO,
                                              Attorney for Chapter 7 Trustee,
14                                            JOHN REGER